Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT LITTLE, *on behalf of himself and those similarly situated,*<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LVNV FUNDING LLC;<br>SHERMAN ORIGINATOR, LLC;<br>RESURGENT CAPITAL SERVICES, L.P.;<br>ALEGIS GROUP, LLC;<br>ALLTRAN FINANCIAL, LP;<br>and JOHN DOES1 to 10,<br><br>　　　　Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Robert Little, by way of Class Action Complaint against Defendants, LVNV

Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P; Alegis Group, LLC;

Alltan Financial, LP and John Does 1 to 10 states:

## I.     NATURE OF THE ACTION

1.     This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.     As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by attempting to collect consumer debts without a license to do so under New Jersey law, including the New Jersey Consumer Finance Licensing Act; by attempting to collect amounts not permitted by law or contract, and by misstating the amount due.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.     Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.     PARTIES

5.     Plaintiff Robert Little ("Plaintiff" or "Little") is a natural person residing in Bergen County, New Jersey.

6.     Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119.

7.     Defendant Sherman Originator, LLC ("Sherman") is a Delaware limited liability company.  LVNV is 100% owned by Sherman.

8.      Defendant Resurgent Capital Services, L.P. ("Resurgent") is a Delaware limited partnership with its principal place of business located at 55 Beattie Place, Suite 300, Greenville, South Carolina 29601.

9.      Defendant Alegis Group, LLC ("Alegis") is a Delaware limited liability company with its principal place of business located at 55 Beattie Place, Suite 300, Greenville, South Carolina 29601. Alegis is the sole general partner of Resurgent.

10.     Defendant Alltran Financial, LP ("Alltran") is a collection agency with an office located at 5800 North Course Drive, Houston, Texas 77072.

11.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

12.     In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A.  Background

13.     Defendants are not in the business of extending credit, selling goods or services to consumers.

14.     Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

15.     The principal purpose of Defendants is the collection of debts.

16.     When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

17.     LVNV is litigious debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

18.     In connection with LVNV's efforts to collect consumer debts, LVNV routinely hires other debt collectors, such as Alltran, in an effort to collect the consumer debts.

19.     LVNV also hires collection attorneys and/or law firms in the State of New Jersey to file lawsuits against New Jersey consumers in efforts to collect the consumer debts.

20.     LVNV files thousands if not tens of thousands of collection lawsuits in the State of New Jersey, clogging the State Court's docket, wasting judicial resources and harassing New Jersey consumers. In fact, according to the New Jersey Superior Court Automated Case Management System ("ACMS") and statistics derived from LexisNexis® searches, LVNV has filed over 80,000 debt collection complaints within the past decade.

21.     Plaintiff incorporates and adopts by reference the Statement of Facts filed as ECF No. 69 in *Randall v. Nelson & Kennard et al*, 2:09-cv-00387 (D. Ariz., filed Aug. 9, 2010) (attached as ***Exhibit A***).

22.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees.[1] LVNV does not have audited financial statements and does not file tax returns.[2]

---

[1] *See* Exhibit A.
[2] *Godson v. Eltman, Eltman & Cooper, PC.*, No. 11-CV-0764S(Sr), 2016 U.S. Dist. LEXIS 51010, at *6 (W.D.N.Y. Apr. 15, 2016).

23. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent.[3]

24. LVNV has stated on its website, www.lvnvfunding.com (last visited September 12, 2017), that:

> The management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently servicing your account.

25. Resurgent and LVNV are under common ownership and management; both are part of the Sherman Financial Group, LLC.

26. Sherman is the parent corporation of LVNV and Sherman Financial Group, LLC, is the grandparent corporation of LVNV.[4]

27. Resurgent directs the collection activity complained of herein even though it was undertaken in LVNV's name.

28. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from Credit One Bank N.A. ("Debt" or "Account").

29. The Debt arose from one or more transactions which were primarily for the respective Plaintiff's personal, family, or household purposes.

30. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

---

[3] *See* Exhibit A.
[4] *Godson*, 2016 U.S. Dist. LEXIS 51010, at *6-7.

31.     Defendants contend that the Account was past-due and in default.

32.     The Account was past-due and in default when it was purchased by LVNV, Sherman, Resurgent and Alegis for pennies on the dollar.

33.     After purchasing the past-due and defaulted Account for pennies on the dollar, LVNV, either directly or through intermediate transactions, assigned, placed, or transferred the Account with Alltran for collection.

34.     Alltran is a collection agency.

35.     The Account was assigned to Alltran for the purpose of collecting the Debt.

36.     The Account was past-due and in default when it was placed with or assigned to Alltran for collection.

37.     At all times relevant hereto, Alltran acted on behalf of LVNV, Sherman, Resurgent and Alegis in an attempt to collect the Debt.

38.     At all times relevant hereto, the acts and omissions of Alltran were incidental to or taken within the scope of the responsibilities given and authorized by LVNV, Sherman, Resurgent and Alegis.

**B.  Unlawful Collection**

39.     In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on January 26, 2017 (the "Alltran Letter"). A true but redacted copy of the Alltran Letter is attached as ***Exhibit B***.

40.     Plaintiff received and reviewed the Alltran Letter.

41.    Defendants are not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act[5] ("NJCFLA") or any other State consumer lending statute.

42.    "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[6]

43.    "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[7]

44.    Defendants are not permitted to engage in the "consumer loan business" since they did not first obtain a license pursuant to the NJCFLA.[8]

45.    Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of LVNV, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[9]

46.    While attempting to collect the Debt, LVNV, Sherman, Resurgent and Alegis furnished information to the Equifax, Experian and TransUnion consumer reporting agencies.

---

[5] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq.*
[6] N.J. Stat. Ann. § 17:11C-2.
[7] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[8] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[9] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under **section** 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

47.     LVNV, Sherman, Resurgent and Alegis communicated credit information regarding the alleged Debt to the Equifax, Experian and TransUnion consumer reporting agencies balances higher than the original balances on multiple occasions.

48.     Credit reporting by a debt collector constitutes an attempt to collect a debt.[10]

49.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

## V.     CLASS ACTION ALLEGATIONS

50.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with addresses in the State of New Jersey against whom, beginning October 3, 2016 through and including the final resolution of this case, Alltran Financial, LP attempted to collect a consumer debt on behalf of LVNV Funding LLC.

51.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

52.     The Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

53.     There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

---

[10] *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

A.    Whether Defendants are debt collectors under the FDCPA;

B.    Whether any of the Defendants were required to obtain a license to engage in business as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA, at N.J.S.A. 17:11C-3 before collecting or attempting to collect any money from consumers on assigned accounts or other loans.

C.    Whether Defendants' engagement in the lay collection business constitutes a misrepresentation of the ability to collect a debt under New Jersey law;

D.    Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);

E.    Whether Plaintiff and the Class are entitled to damages.

54.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

55.    The claims of the Plaintiff are typical of the claims of the members of the Class.

56.    The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

57.    Plaintiff does not have interests antagonistic to those of the Class.

58.    The Class, of which Plaintiff is a member, is readily identifiable.

59.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

60.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

61.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.     VIOLATIONS OF THE FDCPA

62.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

63.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

64.     The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

65.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

66.     Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

67.     The Alltran Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

68.     At all times relevant hereto, Alltran acted on behalf of LVNV, Sherman, Resurgent and Alegis in an attempt to collect the Debt.

69.     At all times relevant hereto, the acts and omissions of Alltran were incidental to or taken within the scope of the responsibilities given and authorized by LVNV, Sherman, Resurgent and Alegis.

70.     At all times relevant hereto, LVNV, Sherman, Resurgent and Alegis actively participated in the collection of consumer debts allegedly owed by Plaintiff and other New Jersey consumers.

71.     Therefore, not only is LVNV, Sherman, Resurgent and Alegis liable for the acts and omissions of its agent-Alltran, but for its own acts in hiring and directing Alltran to collect debts for LVNV, Sherman, Resurgent and Alegis.

72.     By attempting to collect consumer debts without a license to do so under the NJCFLA, Defendants violated the following provisions of the FDCPA:

> a.     Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;
>
> b.     Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);
>
> c.     Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);
>
> d.     Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);
>
> e.     Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f; and
>
> f.     Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1).

73.     The violations of the FDCPA described herein constitute *per se* violations.

74.     Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Little demands judgment against Defendants, LVNV Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; Alltran Financial, LP as follows:

A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and Law Office of Ronald I. LeVine, Esq. as class counsel;

B.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.    For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.    For pre-judgment and post-judgment interest; and

F.    For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except:

- *Lopez v. Law Offices of Faloni & Associates, LLC, et al.,* 2:16-cv-01117-SDW-SCM (D.N.J.)

- *Betancourt v. LVNV Funding LLC, et al.*, 2:17-cv-00390-JMV-JBC (D.N.J.)

- *Martinez v. LVNV Funding LLC, et al.*, BER-L-3515-17 (N.J. Super. Ct. Law Div.)

- *Rodriguez-Ocasio v. LVNV Funding LLC, et al.*, 2:17-cv-04567-MCA-LDW (D.N.J.)

- *Espinal v. First National Collection Bureau*, 2:17-cv-02833-WJM-MF (D.N.J.)

- *Chernyakhovskaya v. Resurgent Capital Services L.P.*, 2:16-cv-01235-JLL-JAD (D.N.J.)

- *Burgos v. Resurgent Capital Services, L.P., et al.,* 3:17-cv-6121-PGS-TJB (D.N.J.)

- *Ferreira v. Frontline Asset Strategies, LLC, et al.,* 2:17-cv-6278-JLL-JAD (D.N.J.)

- *Gomez v. Nations Recovery center, Inc., et al.,* 2:17-cv-6279-JLL-JAD (D.N.J.)

- *Henriquez v. Allied Interstate LLC, et al.,* 2:17-cv-6122-JMV-JBC (D.N.J.)

- *Lugo v. Capital Management Services, L.P., et al.,* 2:17-cv-6204-SDW-LDW (D.N.J.)

- *Orbea v. Dynamic Recovery Solutions, LLC, et al.,* 2:17-cv-6250-SDW-LDW (D.N.J.)


KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Dated: October 3, 2017          Yongmoon Kim
                               *Attorneys for Plaintiff and the Proposed Class*